JAM:DR
F. #2018R00551

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   - against -<br><br>ANASHON KAMALOV,<br><br>              Defendant. | S U P E R S E D I N G<br>I N F O R M A T I O N<br><br>Cr. No. 22-221 (S-1) (BMC)<br>(T. 18, U.S.C., §§ 371, 982(a)(1),<br>982(a)(2), 982(b)(1), 1028A(a)(1),<br>1028A(b), 1028A(c)(4), 1028A(c)(5),<br>1349, 1956(h), 2 and 3551 et seq.; T. 21,<br>U.S.C., § 853(p); T. 28, U.S.C., §<br>2461(c)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE
(Conspiracy to Commit Bank Fraud)

1. In or about and between March 2019 and March 2021, both dates being approximate and inclusive, within the Southern District of New York and elsewhere, the defendant ANASHON KAMALOV, together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of, such financial institutions by means of one or more materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Commit Money Laundering)

2.  In or about and between March 2019 and March 2021, both dates being approximate and inclusive, within the Southern District of New York and elsewhere, the defendant ANASHON KAMALOV, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, including deposits, transfers and withdrawals of funds and monetary instruments, which in fact involved the proceeds of specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT THREE
(Conspiracy to Submit False Statements to the Small Business Administration)

3.  In or about and between April 2020 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANASHON KAMALOV, together with others, did knowingly and willfully conspire to make one or more false statements and reports for the purpose of influencing the action of the Small Business Administration ("SBA") in connection with one or more applications and loans, to wit:

fraudulent Economic Injury Disaster Loan ("EIDL") applications, contrary to Title 18, United States Code, Section 1014.

4. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant KAMALOV, together with others, did commit and cause the commission of, among others, the following:

OVERT ACTS

(a) In or about July 2020, KAMALOV received, among other things, the account number of a bank account ("Account-1") controlled by a co-conspirator ("CC-1"), an individual whose identity is known to the United States Attorney, for KAMALOV to include the Account-1 information in fraudulent EIDL applications (the "Applications").

(b) On or about July 21, 2021, the SBA wire transferred approximately $59,400 in loan proceeds into Account-1 as a result of one of the Applications.

(c) On or about July 31, 2020, the SBA wire transferred approximately $97,500 in loan proceeds into Account-1 as a result of another of the Applications.

(d) On or about August 12, 2020, at KAMALOV's direction, CC-1 transferred loan proceeds from Account-1 to another bank account.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT FOUR
(Conspiracy to Commit Money Laundering)

5. In or about and between April 2020 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANASHON KAMALOV, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, including deposits, transfers and withdrawals of funds and monetary instruments, which in fact

involved the proceeds of specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

COUNT FIVE
(Conspiracy to Commit Wire Fraud)

6. In or about and between January 2017 and April 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANASHON KAMALOV, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more financial institutions, and to obtain money and property from those financial institutions by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT SIX
(Conspiracy to Commit Money Laundering)

7. In or about and between January 2017 and April 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANASHON KAMALOV, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, including deposits, transfers and withdrawals of funds and monetary instruments, which in fact involved the proceeds of specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT SEVEN
(Aggravated Identity Theft)

8. In or about and between January 2017 and April 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANASHON KAMALOV, together with others, during and in relation to the crime charged in Count Five, did knowingly and intentionally transfer, possess and use, without lawful authority,

one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE, THREE AND FIVE

9. The United States hereby gives notice to the defendant that, upon his conviction of any the offenses charged in Counts One, Three and Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION<br>AS TO COUNTS TWO, FOUR AND SIX

11. The United States hereby gives notice to the defendant that, upon his conviction of any the offenses charged in Counts Two, Four and Six, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

8

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

                                                      BREON PEACE
                                                     UNITED STATES ATTORNEY
                                                     EASTERN DISTRICT OF NEW YORK

By:    _____
                      Assistant U.S. Attorney

F.#: 2018R00551

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

ANASHON KAMALOV,

Defendant.

# INFORMATION

(T. 18, U.S.C., §§ 371, 982(a)(1), 982(a)(2), 982(b)(1), 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 1349, 1956(h), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
Clerk

*Bail, $* _____

_____

*Dana Rehnquist, Assistant U.S. Attorney (718) 254-6029*